UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1** <br><br> **Plaintiff** <br><br> vs. <br><br> **Michael H. Mooney** <br><br> **Defendant** <br><br> **Citibank (South Dakota), N.A.** <br><br> **Party-in-Interest** | CIVIL ACTION NO: <br><br> COMPLAINT <br><br> RE: <br> 783 Washington Avenue, Portland, ME 04103 <br><br> Mortgage: <br> July 16, 2007 <br> Book 25317, Page 270 |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Michael H. Mooney, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and the Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is an Note executed under seal currently owned and held by the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, in which the Defendant, Michael H. Mooney, is the obligor and the total amount owed under the terms of the Note is three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 15480 Laguna Canyon Road, Irvine, California 92618

5. The Defendant, Michael H. Mooney, is a resident of Portland, County of Cumberland and State of Maine.

6. The Party-in-Interest, Citibank (South Dakota), N.A., is located at 701 East 60th Street N, Sioux Falls, SD 57104.

# FACTS

7. On December 20, 2006, by virtue of a Warranty Deed from Edward Lutjens and Carol Hammond, which is recorded in the Cumberland County Registry of Deeds in **Book 24705, Page 174**, the property situated at 783 Washington Avenue, County of Cumberland, and State of Maine, was conveyed to the Defendant, Michael H. Mooney, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 16, 2007, the Defendant, Michael H. Mooney, executed and delivered to Meridian Mortgage Group, LLC a certain Note in the amount of $173,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on July 16, 2007, the Defendant, Michael H. Mooney, executed a Mortgage Deed in favor of Meridian Mortgage Group, LLC, securing the property located at 783 Washington Avenue, Portland, ME 04103 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25317, Page 270.** *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated July 16, 2007 and recorded in the Cumberland County Registry of Deeds in **Book 25339, Page 288**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated November 29, 2010 and recorded in the Cumberland County Registry of Deeds in **Book 28361, Page 50**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated March 14, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29642, Page 22**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporation herein).

13. The Mortgage was then further assigned to U. S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-7 by virtue of an Assignment of Mortgage dated September 6, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29931, Page 229**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Mortgage Loan Trust Series 2015-1 by virtue of an Assignment of Mortgage dated January 29, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 32904, Page 173** and further confirmed by a Correction Assignment of Mortgage dated May 2, 2016 was recorded in the Cumberland County Registry of Deeds in **Book 33112, Page 207.** *See* Exhibits H and I (true and correct copies of the Assignment of Mortgage and Correction Assignment of Mortgage are attached hereto and incorporated herein).

15. Citibank (South Dakota), N.A. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $4,021.98, dated October 15, 2010, which is recorded in the Cumberland County Registry of Deeds in **Book 28220, Page 27** and is in second position behind plaintiff's mortgage.

16. On August 25, 2016, the Defendant, Michael H. Mooney, was sent a Notice of Mortgagor's Right to Cure, which was received on or about August 29, 2016 (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J

18. The Defendant, Michael H. Mooney, has failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the lawful holder and owner of the Note and Mortgage.

21. The total debt owed under the Note and Mortgage as of November 4, 2016, if no payments are made, is three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, which includes unpaid principal in the amount of one hundred sixty-seven thousand, five hundred six and 06/100 ($167,506.06) dollars; interest due in the amount of ninety-two thousand, eighty-seven and 02/100 ($92,087.02) dollars; escrow advances in the amount of thirty-two thousand, nine hundred thirty-eight and 43/100 ($32,938.43) dollars; total late charges in the amount of one hundred eighty-eight and

16/100 ($188.16) dollars; and recoverable balance in the amount of sixteen thousand, eight hundred eight and 22/100 ($16,808.22) dollars.

22. Upon information and belief, the Defendant, Michael H. Mooney, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related mortgage and title located at 783 Washington Avenue, Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

25. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

26. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Michael H. Mooney, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2009, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of November 4, 2016, if no payments are made, is three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, which includes unpaid principal in the amount of one hundred sixty-seven thousand, five hundred six and 06/100 ($167,506.06) dollars; interest due in the amount of ninety-two thousand, eighty-seven and 02/100 ($92,087.02) dollars; escrow advances in the amount of thirty-two thousand, nine hundred thirty-eight and 43/100 ($32,938.43) dollars; total late charges in the amount of one hundred eighty-eight and 16/100 ($188.16) dollars; and recoverable balance in the amount of sixteen thousand, eight hundred eight and 22/100 ($16,808.22) dollars.

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Michael H. Mooney, on August 25, 2016, and received on or about August 29, 2016 *See* Exhibit J.

32. The Defendant, Michael H. Mooney, is not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On July 16, 2007, the Defendant, Michael H. Mooney, executed and delivered to Meridian Mortgage Group, LLC a certain Note in the amount of $173,000.00. *See* Exhibit B.

35. The Defendant, Michael H. Mooney, is in default for failure to properly tender the August 1, 2009 payment and all subsequent payments. *See* Exhibit J.

36. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael H. Mooney.

37. The Defendant, Michael H. Mooney, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant, Michael H. Mooney's, breach is knowing, willful, and continuing.

39. The Defendant, Michael H. Mooney's, breach has caused the Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of November 4, 2016, if no payments are made, is three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, which includes unpaid principal in the amount of one hundred sixty-seven thousand, five hundred six and 06/100 ($167,506.06) dollars; interest due in the amount of ninety-two thousand, eighty-seven and 02/100 ($92,087.02) dollars; escrow advances in the amount of thirty-two thousand, nine hundred thirty-eight and 43/100 ($32,938.43) dollars; total late charges in the amount of one hundred eighty-eight and 16/100 ($188.16) dollars; and recoverable balance in the amount of sixteen thousand, eight hundred eight and 22/100 ($16,808.22) dollars.

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, Michael H. Mooney, entered into a written contract with Meridian Mortgage Group, LLC who agreed to loan the amount of $173,000.00 to the Defendant, Michael H. Mooney. *See* Exhibit B.

44. As part of this contract and transaction, the Defendant, Michael H. Mooney, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 is the proper holder of the Note and successor-in-interest to Meridian Mortgage Group, LLC, and has performed its obligations under the Note and Mortgage.

46. The Defendant, Michael H. Mooney, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2009, payment and all subsequent payments. *See* Exhibit G.

47. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Michael H. Mooney.

48. The Defendant, Michael H. Mooney, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, Michael H. Mooney, is indebted to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 in the sum of three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, for money lent by Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, to the Defendant, Michael H. Mooney.

50. The Defendant Michael H. Mooney's breach is knowing, willful, and continuing.

51. The Defendant Michael H. Mooney's breach has caused the Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of November 4, 2016, if no payments are made, is three hundred nine thousand, five hundred twenty-seven and 89/100 ($309,527.89) dollars, which includes unpaid principal in the amount of one hundred sixty-seven thousand, five hundred six and 06/100 ($167,506.06) dollars; interest due in the amount of ninety-two thousand, eighty-seven and 02/100 ($92,087.02) dollars; escrow advances in the amount of thirty-two thousand, nine hundred thirty-eight and 43/100 ($32,938.43) dollars; total late charges in the amount of one hundred eighty-eight and 16/100 ($188.16) dollars; and recoverable balance in the amount of sixteen thousand, eight hundred eight and 22/100 ($16,808.22) dollars.

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Meridian Mortgage Group, LLC, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, loaned the Defendant, Michael H. Mooney, One Hundred Seventy Three Thousand Dollars and Zero Cents ($173,000.00). *See* Exhibit B.

56. The Defendant, Michael H. Mooney, is in default for failure to properly tender the August 1, 2009 payment and all subsequent payments. *See* Exhibit J.

57. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Michael H. Mooney, has been unjustly enriched at the expense of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1.

58. As such, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Meridian Mortgage Group, LLC, predecessor-in-interest to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, loaned Defendant, Michael H. Mooney, One Hundred Seventy Three Thousand Dollars and Zero Cents ($173,000.00). *See* Exhibit B.

61. The Defendant, Michael H. Mooney, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

62. As a result, the Defendant, Michael H. Mooney, has been unjustly enriched to the detriment of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 as successor-in-interest to Meridian Mortgage Group, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant, Michael H. Mooney, is in breach of the Note by failing to make payment due as of August 1, 2009, and all subsequent payments;

d) Find that the Defendant, Michael H. Mooney, is in breach of the Mortgage by failing to make payment due as of August 1, 2009, and all subsequent payments;

e) Find that the Defendant, Michael H. Mooney, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Michael H. Mooney, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2009 and all subsequent payments;

g) Find that Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Michael H. Mooney, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff to restitution;

j) Find that the Defendant, Michael H. Mooney, is liable to the Plaintiff for money had and received;

k) Find that the Defendant, Michael H. Mooney, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Michael H. Mooney, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Michael H. Mooney, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, is entitled to restitution for this benefit from the Defendant, Michael H. Mooney;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Michael H. Mooney, and in favor of the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 in the amount of five hundred twenty-seven and 89/100 ($309,527.89) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1,
By its attorneys,

Dated: October 27, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670