# NOTE

July 16, 2007  
[Date]

South Portland  
[City]  
**783 Washington Avenue**  
**Portland, Maine 04103**

Maine  
[State]

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $**173,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Meridian Mortgage Group, LLC**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **7.8750%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **September 01, 2007**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **August 01, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Meridian Mortgage Group, LLC, 48 Free Street, Portland, ME 04101**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $**1,254.37**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.



### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any interest in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, Lender will not require immediate payment in full if prohibited by federal law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement, following the procedures in Section 15. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
Michael H. Mooney       -Borrower                          -Borrower

_____ (Seal)    _____ (Seal)
                        -Borrower                          -Borrower

_____ (Seal)    _____ (Seal)
                        -Borrower                          -Borrower

_____
Witness                                              *[Sign Original Only]*

MAINE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3220 1/01

ITEM 9556L3 (0312)                  *(Page 3 of 3 pages)*                   GreatDocs™
                                                                  To Order Call: 1-800-968-5775

ALLONGE

LOAN #

NOTE DATED:      07/16/2007

BORROWER:       Michael H Mooney

PROPERTY:       783 Washington Avenue
                Portland, ME 04103

PAY TO THE ORDER OF CitiMortgage, Inc.

WITHOUT RECOURSE Meridian Mortgage Group, LLC

BY: _____
    Rob Orlandi, President

Pay to the order of without recourse of us CitiMortgage, Inc. D/B/A Citicorp Mortgage, Inc. F/K/A Citicorp Mortgage, Inc. behalf or as Attorney-in-fact for: Citibank, on it's own in NM, Citibank (New York State); Citibank, N.A. F/K/A Citibank (Nevada), NA; Citibank (West) FSB
Janet L. Sims, Senior Vice President
CitiMortgage, Inc.

# NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Number:**

**Loan Date:** 7/16/2007    **Original Loan Amount:** $ 173,000.00

**Originator:** MERIDIAN MORTGAGE GROUP, LLC
**Original Mortgagor:** MICHAEL H. MOONEY
**Property Address:** 783 WASHINGTON AVENUE, PORTLAND, ME 04103

Pay to The Order of
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR STANWICH MORTGAGE LOAN
TRUST, SERIES 2012-7
Without Recourse

Id No: *12093020*

CITIMORTGAGE, INC.

By: _____

Melanie A. Arndt, Vice President

## ALLONGE TO NOTE

For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of Said Note

Borrower: Michael H. Mooney
Property Address: 783 Washington Avenue
Portland, ME 04103

Loan Amount: 173000
Note date: 7/16/2007
Original lender: Merdian Mortgage Group, LLC

For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of said Note.

Pay to the order of:

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust, Series 2015-1

U. S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-7
By: Selene Finance LP as Attorney-in-Fact

By: *[signature: Elizabeth Willard]*
Name: Elizabeth Willard
Title: Assistant Vice President