## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST AS TRUSTEE FOR NORMANDY MORTAGE LOAN LOAN TRUST, SERIES 2015-1** ) ) ) ) ) ) | |
| **Plaintiff** ) | |
| **v.** ) | |
| **MICHAEL MOONEY** ) | **CIVIL NO. 2:16-cv-00545-JDL** |
| **Defendant** ) | |
| **and** ) | |
| **CITIBANK (SOUTH DAKOTA), N.A.** ) | |
| **Party-in-interest** ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES the Defendant, Michael Mooney, by and through his attorney, and answers the Complaint as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶ 1 of the Complaint and therefore denies the allegations therein. Further answering, Defendant states that the Complaint fails to allege the elements for diversity jurisdiction since the owners of the relevant trust (the alleged party in interest) have not been identified – that is, the owners of Normandy Mortgage Loan Trust , Series 2015-1.

1

2.      Defendant  is without knowledge or information sufficient to form a belief as  to the truth of the matter alleged in ¶ 1 of the Complaint and therefore denies the allegations therein. Further answering, Defendant states that the Complaint fails to allege the elements for diversity jurisdiction since the owners of the relevant trust (the alleged party in interest) have not been identified – that is, the owners of Normandy Mortgage Loan Trust , Series 2015-1.

3.      Defendant  admits venue is proper if this Court has jurisdiction.

## PARTIES

4.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶ 4 of the Complaint and therefore denies the allegations therein.

5.      Defendant admits the matter alleged in ¶5  of the Complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶6 of the Complaint and therefore denies the allegations therein.

## FACTS

7.      Defendant admits the matter alleged in ¶ 7 of the Complaint, but denies that Exhibit A was attached to the deed.

8.      Defendant admits that he executed a Note as alleged in ¶ 8, but without seeing the original of the document, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether the attached is a true and accurate copy of the original and further states that the Note that he signed did not contain the now added (but undated) "Allonge" (with a signature purporting to be the President of

Meridian Mortgage Group, LLC – Rob Orlandi) nor did it contain the undated endorsement stamp purportedly signed by a Senior Vice President of CitiMortgage, Inc. (Janet Sims) nor the undated cancellation of that endorsement with a stamped initials of some unidentified person.  And Defendant further states that the Note that he signed <u>did not contain</u> the now added (but again undated) second "Note Allonge" (with a signature purporting to be that of Vice President Melanie Arndt of CitiMortgage, Inc. And Defendant further states that the Note that he signed <u>did not contain</u> the now added (but again undated) third "Note Allonge" (with a signature purporting to be that of Assistant Vice President Elizabeth Willard of  U.S. Bank National Association, as Trustee.

9.     Defendant admits the matter alleged in ¶ 9 of the Complaint,

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶10 of the Complaint and therefore denies the allegations therein and further states that the purported "assignment"  contained in Exhibit D purports to assign only "the Assignor's interest" in a certain note and mortgage;  that entity (Meridian Mortgage Group, LLC) had no property interest to assign, thus rendering all subsequent assignments null and void as to Mooney.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶11 of the Complaint and therefore denies the allegations therein and further states that the purported "assignment"  contained in Exhibit E purports to assign only "the Assignor's interest" in a certain note and mortgage; that entity ("CitiMortgage, Inc.")  had no property interest to assign, thus rendering all subsequent assignments null and void as to Mooney.  And Defendant further asserts that the purported "assignment"  on behalf of CitiMortgage, Inc. on November 29, 2010 by

one "Bryan Bly –Vice President"  appears to be facially defective  and to constitute a fraudulent, "robo-signed" assignment –  there having been a person named "Brian Bly" who actually worked for "Nationwide Title Clearing" and who was misrepresenting himself as working for "Citi Residential Lending" and having his name scanned on documents in this same time period – 2009 and also having the  "signature" "notarized" by a Florida notary.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶12 of the Complaint and therefore denies the allegations therein and further states that the purported "assignment"  contained in Exhibit F purports to assign only "the Assignor's interest" in a certain note and mortgage; that entity ("Nationstar Mortgage, L.L.C.")  had no property interest to assign, thus rendering all subsequent assignments null and void as to Mooney.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶13 of the Complaint and therefore denies the allegations therein and further states that the purported "assignment"  contained in Exhibit G purports to assign only "the Assignor's interest" in a certain mortgage;  that entity ("CitiMortgage, Inc.")  had no property interest to assign, thus rendering all subsequent assignments null and void as to Mooney; moreover, Exhibit G does not purport to assign interests in the Note and thus that interest was not conveyed through Exhibits G, H or I.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶14 of the Complaint and therefore denies the allegations therein and further states that the purported "Assignment" and "Correction

Assignment"  contained in Exhibit H and I purport to assign only "the Assignor's interest" in a certain mortgage;  that assigning entity ("U.S. Bank, National Association") had no property interest to assign, thus rendering all subsequent assignments null and void as to Mooney; it also  had no interest in the Note since Exhibit G did  not purport to assign interests in the Note and both Exhibits H and  I make no mention of assigning the Note.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶15 of the Complaint and therefore denies the allegations therein.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶16 of the Complaint, but denies he received the material attached as Exhibit J.

17.    Defendant denies the allegations of ¶17 of the Complaint since  he did not receive the demand letter.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶18 of the Complaint, since it does not identify "the default", but admits he has made no payments since the date of the letter.

19.    Defendant denies the allegations of ¶19 of the Complaint.

20.    Defendant denies the allegations of ¶20 of the Complaint.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶21 of the Complaint and therefore denies the allegations therein.

22.    Defendant admits  the matter alleged in ¶22 of the Complaint.

## COUNT I  -  FORECLOSURE

23.     Counterclaim Plaintiff repeats and realleges the allegations set forth in the previous averments as if fully set forth herein.

24.     The allegations  contained in ¶24 of the Complaint purport to describe the nature of the action and therefore require no response; to the extent required, the allegation is admitted.

25.     Defendant denies the allegations contained in ¶25 of the Complaint.

26.     Defendant denies the allegations contained in ¶26 of the Complaint.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶27 of the Complaint and therefore denies the allegations therein.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶28 of the Complaint and therefore denies the allegations therein.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶29 of the Complaint and therefore denies the allegations therein.

30.     The allegation requires no responsive pleading since it simply contains an assertion of what the plaintiff demands in Count I.

31.     Defendant denies the allegations contained in ¶31 of the Complaint.

32.     Defendant admits the allegations contained in ¶32 of the Complaint.

## COUNT II  -  BREACH OF NOTE

33.     Defendant repeats and realleges his answers to paragraphs 1 through 32 as if more fully set forth herein.

34.     Defendant admits that he executed a Note as alleged in ¶34, but without seeing the original of the document, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether the attached Exhibit B is a true and accurate copy of the original and further states that the Note that he signed <u>did not contain</u> the now added (but undated) "Allonge" (with a signature purporting to be the President of Meridian Mortgage Group, LLC – Rob Orlandi) nor did it contain the undated endorsement stamp purportedly signed by a Senior Vice President of CitiMortgage, Inc. (Janet Sims) nor the undated cancellation of that endorsement with a stamped initials of some unidentified person.  And Defendant further states that the Note that he signed <u>did not contain</u> the now added (but again undated) second "Note Allonge" (with a signature purporting to be that of Vice President Melanie Arndt of CitiMortgage, Inc. And Defendant further states that the Note that he signed <u>did not contain</u> the now added (but again undated) third "Note Allonge" (with a signature purporting to be that of Assistant Vice President Elizabeth Willard of  U.S. Bank National Association, as Trustee.

35.     Defendant denies the allegations contained in ¶35 of the Complaint.

36.     Defendant denies the allegations contained in ¶36 of the Complaint.

37.     Defendant denies the allegations contained in ¶37 of the Complaint.

38.     Defendant denies the allegations contained in ¶38 of the Complaint.

39.     Defendant denies the allegations contained in ¶39 of the Complaint.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶40 of the Complaint and therefore denies the allegations therein.

41.     Defendant denies the allegations contained in ¶41 of the Complaint.

## COUNT III  -   BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42.     Defendant repeats and realleges his answers to paragraphs 1 through 41 as if more fully set forth herein.

43.  Defendant admits that he executed a Note as alleged in ¶43, but without seeing the original of the document, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether the attached Exhibit B is a true and accurate copy of the original and further states that the Note that he signed did not contain many of the items reflected in that attachment.

43.     Defendant admits the allegations contained in Paragraph 44 of the Complaint.

44.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint and therefore denies  the same.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.      Defendant denies the allegations contained in Paragraph 46 of the Complaint.4

47.      Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant  denies  the  allegations  contained  in  Paragraph  48  of  the Complaint.

49.       Defendant denies the allegations contained in Paragraph 49 of the

8

Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶52 of the Complaint and therefore denies the allegations therein.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## COUNT IV - QUANTUM MERIT

54.    Defendant repeats the responses contained in Paragraph 1 - 53 of this answer.

55.    Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant admits the allegations contained in Paragraph 58 of the Complaint.

## COUNT V - UNJUST ENRICHMENT

59.     Defendant repeats the responses contained in Paragraph 1 - 58 of this answer.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter alleged in ¶60 of the Complaint and therefore denies the allegations therein.

61.     In response to the allegations of Paragraph 61 of the Complaint, Defendant admits that he has failed to fully repay the loan obligation, but asserts that it is a result

of the actions and inactions of Plaintiff or its predecessors and further answering denies that he is under any obligation to pay the same to Plaintiff, particularly under a theory of unjust enrichment.

62.      Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.      Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted because the court is barred from entering judgment for foreclosure by virtue of 14 M.R.S.§ 6321-A(9)(as for foreclosures filed after January 1, 2010, no final judgment may issue until a mediator's report completed under subsection 13 is completed).  That is an element of the claim under Maine law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action by virtue of the standing principles set out in the case of <u>Bank of America v. Greenleaf</u>, 2014 ME 89 (2014). Plaintiff has failed to certify proof of ownership of the mortgage note and produce evidence it has the right to enforce the mortgage note, the mortgage and failed to establish the validity and enforceability of all assignments and endorsements of the mortgage note and mortgage (some of those documents appear to have been improperly altered or forged and/ or do not contain signatures of the entities they purport to be signed by).

10

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action by virtue of the doctrines of unclean hands, laches, waiver, estoppel and unconscionability, including A) the involvement of Plaintiff and the alleged predecessors in interest in the securitization process and the questionable transfer documents and B) Plaintiff's alleged predecessor in interest's involvement in preventing Mooney from being able to cure late payments in 2009.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action due to its not being in compliance with Maine's laws regarding the registration of foreign businesses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action due to its lack of privity with the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining counts in this action by virtue of the Statute of Frauds and the applicable statute of limitations, the alleged breach having occurred more than six years ago in August of 2009.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from seeking equitable relief (i.e. a foreclosure) since it failed to act in an equitable manner as to this transaction and the various documents involved.

## EIGHTH AFFIRMATIVE DEFENSE

Relief should be denied based on the fact the Plaintiff has failed to comply with Maine's preconditions to foreclosing such as the requirement that service be made upon the mortgagor of a notice of right to cure. See 14 M.R.S. § 6111. That statute directs that the mortgagee issue the "written notice" of right to cure to the "mortgagor" and where, as here, service is attempted by registered mail, "the time when the notice is given to the mortgagor or cosigner is the date the mortgagor or cosigner signs the receipt". See 14 M.R.S.A. §6111(3).   Notice of the cure right therefore has not been given to the mortgagor.

## NINTH AFFIRMATIVE DEFENSE

Relief should be denied based on the fact that the Plaintiff has not alleged or established that it possesses the original Note or that the allonges were affixed.

## TENTH AFFIRMATIVE DEFENSE

Relief should be denied based on the lack of compliance with  14 M.R.S.§ 6321-A(9)(2) and its provisions which preclude foreclosures on residences unless there has been compliance with provisions set forth therein regarding such matters as A) noticing the foreclosed homeowner of his or her rights as set forth by the Maine Bureau of Consumer Credit Protection – requiring that a plain and understandable form notice be given  - and B) providing all defendants  a sample form of Answer and C) providing a process to automatically commence  mediation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action since the right to foreclose since there has been a "bifurcation" of the note from the mortgage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining this action since it has failed to join indispensible parties, including the  assignees in the alleged chain of title. Maine law requires that all persons who have or claim any interest which would be affected by the declaration "shall be made parties" and prohibits any declaration that would "prejudice the rights of persons not parties to the proceeding," 14 M.R.S. § 5963.   See id. Bank of Am., N.A. v. Metro Mortg. Co., 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015) (denying plaintiff's request for default judgment in declaratory judgment action in part because plaintiff had failed to join necessary parties); Horton & McGehee, Maine Civil Remedies § 3-3(d)(2) at 50 (4th ed. 2004) ("A declaration of rights may properly be refused when persons whose interests would be affected are not parties.").

### THIRTEENTH AFFIRMATIVE DEFENSE

This Court has no jurisdiction to hear this case – the basis for diversity not having been adequately alleged as to the real party in interest (i.e. the owners of the Normandy Mortgage Loan Trust Series 2005-1).  There must be complete diversity of citizenship of the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The Complaint fails to allege the citizenship of the owners of the Trust that is the Plaintiff here (i.e. the real party in interest); the owners of Normandy Mortgage Loan Trust, Series 2015-1 have not been identified and likely include someone from Maine.  "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members" See  Americold Logistics, LLC v. ConAgra Foods, Inc., No. 14-1382, 2016 U.S. LEXIS 1652 (U.S. Mar. 7, 2016).   The citizenship of a trust for purposes of diversity-of-citizenship jurisdiction is that of the beneficiaries of the Trust.

### FOURTEENTH AFFIRMATIVE DEFENSE

13

The Court should abstain in view of the nature of this action and the Maine Legislature's directive that such actions shall be brought in the Maine Superior Court or the Maine District Court, see 14 M.R.S. § 6321, and in view of the fact that the same claim has previously been brought twice within Maine's Court system by the alleged predecessors in interest of the Plaintiff/Counterclaim Defendant and those cases have been dismissed on two prior occasions – first in 2011 (RE -09-550) and then again in April of 2015 (PORSC RE -13-394).

### FIFTEENTH AFFIRMATIVE DEFENSE

Count III of the Complaint fails to state a claim upon which relief can be granted since the complaint alleges that it was Meridian Mortgage Group, LLC that loaned the money in issue to the Defendant and there was no assignment to the Plaintiff of any breach of contract claim or any claim for money had and received against the Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Count IV of the Complaint fails to state a claim upon which relief can be granted since the complaint alleges that it was Meridian Mortgage Group, LLC that. loaned the money in issue to Defendant and there is no allegation of the assignment to the Plaintiff of any quantum meruit claims that the Meridian entity might have.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Count V of the Complaint fails to state a claim upon which relief can be granted since the complaint alleges that it was Meridian Mortgage Group, LLC that loaned the money in issue to the Defendant, and there is no allegation of the assignment to Plaintiff of any unjust enrichment claims of Meridian against the

Defendant and there are no allegations of fact by the Plaintiff as to what it paid to purchase the loan at issue in this case.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred, reduced, subject to setoff and/or subject to recoupment on the ground that Plaintiff is not the owner of the debt and/or mortgage upon which the claim is based.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief should be barred due to the defects in the securitization process with the result that neither title nor possession of the Note passed to the Plaintiff who is seeking to foreclose; the defects included the fraud and/or forgery in one or more assignments exposing the Defendant to the risk of double-collection. Upon information and belief, the purported "assignment" on November 29, 2010 on behalf of CitiMortgage, Inc. by one "Bryan Bly –Vice President" appears to constitute a fraudulent, "robo-signed" assignment.  Upon information and belief, he was not an officer of CitiMortgage, but rather worked for "Nationwide Title Clearing, Inc." He also had the Note notarized by a fellow employee of Nationwide Title Clearing, Inc. ("NTC") – Christopher Jones, who knew that Bly was not a Vice President of CitiMortgage and yet notarized that he was, knowing the document was to be used for purposes of presenting that assignment to Maine's Court.  The entity NTC provided mortgage services to other entities, including "Citi Residential Lending" where Mr. Bly used the name "Brian Bly" and claimed he was a Vice President of that entity.  In May of 2010, Bryan Bly, held himself out as being an "attorney-in-fact for the Federal Deposit Insurance Corporation ("FDIC") as receiver for Indy Mac Federal Bank".  See Haddox v.

Federal National Mortgage Association, No. 03-15-00350-CV  Ct. App.  Texas, Third

District, Austin (May 6, 2016).    The misconduct in preparing and presenting such

documents was not limited to this case, and the management of the entities knew or

should have known of the robo-signing and the wrongful manner in which the documents

were being prepared for presentation to Courts.   See Federal National Mortgage

Association v. Bradbury, 2011 ME 120, 32 A.3d 1014 (2011)("good cause to believe that

such misconduct was not limited to this case and that the management of GMAC and

Fannie Mae, and their attorneys, knew or should have known of the wrongful manner in

which the affidavit presented in this case was produced").

## COUNTERCLAIM

1.    Defendant/Counterclaim Plaintiff Michael Mooney incorporates by reference the

allegations contained in ¶¶4 and 5 of the Complaint.

2.    Michael Mooney is the owner of property at 783 Washington Ave., in

Portland.

3.    On September 30, 2009 Counterclaim Plaintiff  Mooney made a payment

of $1,807 which was accepted by CitiMortgage. On that day after making his payment,

he was still two months behind on his mortgage with CitiMortgage.   Counterclaim

Plaintiff Mooney told CitiMortgage's employee that he would call back in mid-October

to make one additional payment; CitiMortgage agreed that this would be acceptable.

4.    It turned out that Counterclaim Plaintiff  Mooney received more money in

early October than he had anticipated and therefore had sufficient funds to bring his

mortgage current, i.e., to make three full payments in October.

5.      On or about October 2, 2009, Counterclaim Plaintiff Mooney received a notice of default and right to cure.  The cure amount was $5,366.90 and the notice said he had 30 days from receipt to cure.

6.      On or about October 5, 2009, Counterclaim Plaintiff Mooney attempted to make an additional payment of the "cure" amount and thereby bring his outstanding balance owed to CitiMortgage current. Mr. Mooney attempted to make this payment to CitiMortgage by phone as he had almost always done in the past. Counterclaim Plaintiff Mooney was told by CitiMortgage's employee that they were unable to accept this payment because his file had been sent to an attorney. Counterclaim Plaintiff  Mooney was shocked because it was just days before when they had agreed that he could just call and pay in mid October 2009.

7.      When Counterclaim Plaintiff Mooney contacted the law firm, Shapiro & Morley, LLP of Portland, Maine immediately after talking to the person on October 5th, he told them he wanted to bring his loan current.  In response he was told that they did not have his file yet and to call back in a few days.

8.      Counterclaim Plaintiff  Mooney repeatedly followed up with the law firm and was repeatedly told (approximately four times; being put off for four weeks) that he had to wait while they "computed" the attorneys' fees that they would be adding to his debt.

9.      Before Counterclaim Plaintiff Mooney received the total of the fees that Shapiro & Morley was claiming, a lawsuit was filed by that firm against him on November  27,  2009 – i.e. RE -09-550.

10.     During the time period between October 2, 2009 and November 27, 2009 Counterclaim Plaintiff Mooney was ready and able to cure the outstanding balance that he owed to CitiMortgage, as he had tried to do on many occasions between October 5, and November, 27.   Mr. Mooney had $10,000 in his bank account at Coastline Credit Union reserved to cure the balance owed to CitiMortage.

11.     Counterclaim Plaintiff Mr. Mooney was unable to cure  because Shapiro & Morley would not or could not tell him a total of the "costs and fees" that  they were claiming.

12.     On December 10, 2009, Mooney spoke with CitiMortgage and was told he could cure his loan for $9,039.87 plus attorneys' fees.

13.     On December 15, 2009, Tracy Wakefield, an employee at Shapiro & Morley, finally informed Mooney that he would owe an additional $1,750 in attorney's fees and costs.

14.     Mr. Mooney felt the charge of $1,750 was grossly excessive and told them so and that the inflated figure reflected unneeded lawyer activities as he had been attempting to pay them for almost two months before they filed suit.

15.    Mr. Mooney's attorney, John Campbell sent a letter to the CitiMortgage's attorney on December 16, 2009, explaining the situation, Maine's law on consumer's right to cure, and his desire to resolve this issue. Neither Mooney, nor his attorney, received any written response to this letter.

16.     Mooney  was damaged by the wrongful conduct in not allowing him to exercise his cure rights under Maine law, including incurring fees and resulting in a negative credit rating as well as higher interest on other debts.

17.     On August 8, 2012,  Nationstar Mortgage, LLC agreed to the dismissal of the 2009 foreclosure case.

18.     In 2013 another foreclosure case was commenced against the Counterclaim Plaintiff is Maine District Court – i.e. PORSC RE -13-394.

19.     In 2015 Maine Superior Court Judge Wheeler ordered the 2013   case dismissed after finding that the right to cure letter had not been mailed to the Counterclaim Plaintiff, but rather to an address in Kittery, Maine.

### COUNT I  -  ESTOPPEL/BREACH OF CONTRACT

20.     Counterclaim Plaintiff repeats and realleges the allegations set forth in the previous averments as if fully set forth herein.

21.     Counterclaim Defendant (through its agent and predecessors breached its contract with Mooney and its obligation of good faith and fair dealing and caused damages to Mooney.

22.     Counterclaim Defendant should be estopped from pursuing this claim since the Counterclaim Defendant   wrongfully prevented Counterclaim Plaintiff  from curing his mortgage loan and damages should be awarded for the negative credit ratings, higher interest on other debts and other losses resulting from this conduct.

### COUNT II  -  FORECLOSURE FEE SHIFTING STATUTE

23.     Counterclaim Plaintiff repeats and realleges the allegations set forth in the previous averments as if fully set forth herein.

24.     Claims brought in State Court by the alleged predecessors in interest of the Plaintiff/Counterclaim Defendant have been dismissed on two prior occasions – once after in April  of 2015 (PORSC RE -13-394) and once in 2011 (RE -09-550).

25.    Under Maine law if the mortgagee does not prevail in a foreclosure action, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action. See 14 MRSA § 6101.

26.    In  2011  the Maine Legislature  enacted this provision seeking to level  the playing field to benefit borrowers and encourage private attorneys to enforce the laws enacted as a result of the foreclosure crisis.

27.    The Defendant/Counterclaim Plaintiff  Mooney   is entitled to have reasonable court costs and attorney's fees paid to his attorney by the Counterclaim Defendant in accordance with the provisions of  14 MRSA § 6101 based upon the lack of good faith and the fact that it should not be able to prevail for the various reasons set forth in the Affirmative Defenses above.

WHEREFORE the Plaintiff should be  denied  the relief requested in the Complaint; judgment should be entered against the Plaintiff; and the Defendant should be awarded all relief requested under the counts of his counterclaim, including costs and fees, including compensatory damages, interest and costs plus  the reasonable value of his attorney's services in defending this case and all prior proceedings in relation to these proceedings, and for such other, further and additional relief as the Court deems just and appropriate.

**DEFENDANT  MICHAEL MOONEY**
**DEMAND FOR JURY TRIAL, PURSUANT TO FED. R. Civ. P. 38**

Defendant/Counterclaim Plaintiff, Michael Mooney, hereby asserts his Demand

for Jury Trial on all of the issues so triable in Plaintiff's Complaint and/or Mooney's

Counterclaim.

Dated at Portland, Maine, this   16th day of November, 2016.


Respectfully submitted,

____/John S. Campbell_____
John S. Campbell – Bar #2300

CAMPBELL & ASSOCIATES, P.A.
60 Mabel  St.
Portland, ME  04103
(207)  775-2330