UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust, as trustee for the Normandy Mortgage Loan Trust, Series 2015-1, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 2:16-cv-00545-JDL |
| v. | ) ) | |
| MICHAEL H. MOONEY, | ) ) | |
| Defendant. | ) | |

**ORDER ON THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

The Defendant, Michael Mooney, has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 13. He seeks dismissal of the Complaint filed by the Plaintiff, Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, as trustee for the Normandy Mortgage Loan Trust, Series 2015-1 ("Wilmington Savings Fund"). Wilmington Savings Fund alleges claims for foreclosure, breach of promissory note, breach of contract, quantum meruit, and unjust enrichment. For the reasons explained below, Mooney's motion is denied.

**I. FACTUAL BACKGROUND**

In July 2007, Mooney executed a $173,000 promissory note secured by a mortgage on his property on Washington Avenue in Portland. He defaulted on the promissory note approximately two years later, in August 2009.

In 2012, the mortgage and promissory note were assigned to U.S. Bank National Association, N.A., as trustee for Stanwich Mortgage Loan Trust, Series 2012-7 ("U.S. Bank National"). U.S. Bank National sent Mooney a Notice of Default and Right to Cure pursuant to 14 M.R.S.A. § 6111 (2017), and later sued for foreclosure and sale in the Cumberland County Superior Court. A bench trial was held in October 2015, after which the court concluded that Mooney never received the Notice of Default and Right to Cure, and thus, U.S. Bank National had fallen short of the requirements of 14 M.R.S.A. §§ 6111 and 6321. The trial court dismissed the complaint, stating, in its order, that the dismissal was without prejudice. Mooney did not appeal.

The mortgage and promissory note were eventually assigned to Wilmington Savings Fund in January 2016. In August 2016, Wilmington Savings Fund sent Mooney a second Notice of Default and Right to Cure, and filed the instant lawsuit in federal court in October 2016.

## II. LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated much like a Rule 12(b)(6) motion to dismiss, with the court viewing the facts contained in the pleadings in the light most favorable to the nonmovant and drawing all reasonable inferences therefrom." *In re Loestrin 24 Fe Antitrust Litig.,* 814 F.3d 538, 549 (1st Cir. 2016) (quotation omitted).

## III. LEGAL ANALYSIS

Mooney argues that Wilmington Savings Fund's claims are barred by the doctrine of res judicata, notwithstanding the fact that the Cumberland County

2

Superior Court's dismissal was without prejudice. He maintains that the dismissal order should have been *with* prejudice based on the Superior Court's determination that the statutory requirements of §§ 6111 and 6321 had not been satisfied. By dismissing "without prejudice," Mooney contends, the trial judge improperly speculated about the effect of her adjudication on some future action. ECF No. 19 at 2 (citing *U.S. Bank, N.A. v. Mackenzie,* 2016 ME 149, ¶¶ 11, 12, 149 A.3d 267). Thus, according to Mooney, the dismissal without prejudice was mere commentary or an improper advisory opinion.

Mooney's argument fails because he concedes that he did not appeal the Cumberland County Superior Court's judgment dismissing the foreclosure action without prejudice to the Maine Law Court. This is fatal to his argument because a "defendant's failure to challenge his adjudication by direct appeal is a bar to relitigation under the principles of res judicata." *State v. Reny,* 511 A.2d 1066, 1067 (Me. 1986); *see also Cline v. Maine Coast Nordic,* 1999 ME 72, ¶¶ 12, 14, 728 A.2d 686 (failure to appeal superior court's dismissal rendered challenged decision "final and not subject to collateral attack"). In other words, by failing to timely appeal the dismissal without prejudice, Mooney cannot now argue that that decision was in error. The judgment is final and unassailable.

Mooney also cites three foreclosure decisions of the Maine Law Court in which, in each case, the Superior Court had dismissed the plaintiff bank's complaint without prejudice for want of a valid notice of default, only for the Law Court to vacate and direct that the dismissal be *with* prejudice. *Mackenzie,* 2016 ME 149, 149 A.3d 267; *U.S. Bank, N.A. v. Tannenbaum,* 2015 ME 141, 126 A.3d 734; *Wells Fargo Bank, N.A.*

3

*v. Girouard,* 2015 ME 116, 123 A.3d 216. All three cases are distinguishable from this case because those defendants, unlike Mooney, appealed to the Law Court.[1]

## IV. CONCLUSION

Because I conclude that Wilmington Savings Fund's claims are not barred by res judicata, I need not address its counterargument that the *Rooker-Feldman* doctrine applies to bar Mooney's res judicata argument. For the reasons explained above, Mooney's Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED**.

**SO ORDERED.**

**Dated this 24th day of May 2017.**

/s/ JON D. LEVY
U.S. DISTRICT JUDGE

---

[1] As noted above, Mooney also cites *Mackenzie* for the proposition that "a dismissal . . . without prejudice to the right to send out a valid right to cure notice and begin again was nothing more than an 'improper advisory opinion.'" ECF No. 19 at 3 (quoting *Mackenzie,* 2016 ME 149, ¶ 12, 149 A.3d 267). However, this argument conflates the two bases for the Law Court's remand of the Superior Court's dismissal. First, the Law Court concluded that dismissal should have been *with* prejudice because a defective notice of default "reaches the merits of the claim for foreclosure." *Mackenzie,* 2016 ME 149, ¶ 11, 149 A.3d 267. Second, the Law Court faulted the Superior Court's statement that expressly permitted the defendant bank to send plaintiff a new notice of default that complied with § 6111, and determined that such a comment was premature. *Id.* at ¶ 12. *Mackenzie* does not support the argument that the dismissal itself amounted to commentary or an advisory opinion because it was without prejudice.