UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1<br><br>    Plaintiff<br><br>    vs.<br><br>Michael H. Mooney<br><br>    Defendant<br><br>Citibank (South Dakota), N.A.<br><br>    Party-In-Interest | CIVIL ACTION NO: 2:16-cv-00545-JDL<br><br>RE: 783 Washington Avenue, Portland, ME 04103<br><br>Mortgage:<br>July 16, 2007<br>Book 25317, Page 270 |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, by and through its undersigned counsel, and hereby provides its Final Pretrial Conference Memorandum, pursuant to Local Rule 16.4.

The evidence at trial will prove that Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendant by certified mail, return receipt requested.

The information derived from the Plaintiff's business records is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

The facts proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the

1

Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322.

Pursuant to 14 M.R.S. § 6322 and precedent established by, but not limited to, Chase v. Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); Wells Fargo Bank, N.A. v. deBree, 2012 ME 34 (2012); Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011) and Bank of America v. Cloutier, 2013 ME 17 (Me. 2013), the Plaintiff will meet its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage;

- a breach of condition in the mortgage, Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);

- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6111(1-A);

- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;

- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; *see* 14 M.R.S. § 6111; and

- the Defendant is not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4). Chase v.

Higgins 2009 ME 136 (2009).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See* Bank of America v. Cloutier, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to Fed. R. Evid. 902(9). Rule 902(9) specifically provides that "no extrinsic evidence of authenticity in order to be admitted [……] Commercial paper, a signature on it, and related documents to the extent provided by general commercial law." Fed. R. Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper – typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit) – is governed by Article 3 of the [Uniform Commercial Code]". Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statute, is applicable to the transaction at issue here. See 11 M.R.S. § 3-1101, *et seq*.; Bank of America, N.A. v. Cloutier, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed. R. Evid. 902(4). Fed. R. Evid. 902(4) provides that "they require no extrinsic evidence of authenticity in order to be admitted…a copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law…" Fed. R. Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self authenticating

3

documents. See also Fed. R. Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. As such, the foundational requirements of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

Therefore, Plaintiff is entitled to a Judgment of Foreclosure and Sale of the subject property.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Michael H. Mooney
2. Representative of Selene Finance, servicer for the holder and note for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1

**EXHIBITS:**

1. Promissory Note in the amount of 173,000.00, executed by Michael H. Mooney on July 16, 2007, for the benefit of Meridian Mortgage Group, LLC.
2. Mortgage Deed securing the residence located at 783 Washington Avenue, Portland, ME 04103, executed by Michael H. Mooney on July 16, 2007, for the benefit of Meridian Mortgage Group, LLC, recorded in the Cumberland County Registry of Deeds in **Book 25317, Page 270**.
3. Assignment of Mortgage to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated July 16, 2007, and recorded in **Book 25339, Page 288**.
4. Assignment of Mortgage to Nationstar Mortgage LLC by virtue of an Assignment of

Mortgage dated November 29, 2010, and recorded in **Book 28361, Page 50**.

5. Assignment of Mortgage to CitiMortgage, Inc. by virtue of an Assignment of Mortgage dated March 14, 2012, and recorded in **Book 29642, Page 22**.

6. Assignment of Mortgage to U. S. Bank National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-7 by virtue of an Assignment of Mortgage dated September 6, 2012, and recorded in **Book 29931, Page 229**.

7. Assignment of Mortgage to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Mortgage Loan Trust Series 2015-1 by virtue of an Assignment of Mortgage dated January 29, 2016, and recorded in **Book 32904, Page 173**.

8. Corrective Assignment of Mortgage dated May 2, 2016, and recorded in **Book 33112, Page 207**.

9. Notice of Mortgagor's Right to Cure to Michael H. Mooney dated August 25, 2016.

10. Loan History of subject mortgage.

11. Military Status Report pursuant to the Servicemembers Civil Relief Act demonstrating that Defendant is not in the military.

                                                                  Respectfully Submitted,

Dated: July 6, 2017                      /s/John A. Doonan, Esq.
                                               John A. Doonan, Esq., Bar No. 3250
                                               Doonan, Graves & Longoria, LLC
                                               100 Cummings Center
                                               Suite 225D
                                               Beverly, MA 01915
                                               (978) 921-2670

**CERTIFICATE OF SERVICE**

      I, John A. Doonan, Esq., hereby certify that on July 6, 2017, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250

Citibank South Dakota N.A.
701 East 60th Street North
Sioux Falls, SD 57104
(via First Class Mail)

Michael H. Mooney
c/o John S. Campbell, Esq.,
Campbell & Associates
60 Mabel Street
Portland, ME 04103
(via ECF)