UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO: 2:16-cv-00545-JDL

**Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1**

    **Plaintiff**

    vs.

**Michael H. Mooney**

    **Defendant**

**Citibank (South Dakota), N.A.**

    **Party-in-Interest**

At trial, the Plaintiff will prove:

    1.    Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendant by certified mail, return receipt requested, pursuant to 14M.R.S.A. §6111. This Notice included, but was not limited to the Defendant's (mortgagor's) right to cure and time period therefore; and

        a. The mortgagor's right to cure the default as provided in subsection 1 of 14 M.R.S.A. §6111 (By full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note, as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.)

        b. An itemization of all past due amounts causing the loan to be in default;

        c. An itemization of any other charges that must be paid in order to cure the default;

    d. A statement that the mortgagor may have options available other than foreclosure, that the mortgagor may discuss available options with the mortgagee, the mortgage servicer or a counselor approved by the United States Department of Housing and Urban Development and that the mortgagor is encouraged to explore available options prior to the end of the right-to-cure period;

    e. The address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee;

    f. The name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development, operating to assist mortgagors in Maine to avoid foreclosure; and

    g. Where mediation is available as set forth in section 14 M.R.S.A. 6321- A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment.

**LEGAL ARGUMENT**

    The information derived from the Plaintiff's business records is admissible in evidence under Rule 803 (6) of the Federal Rules of Evidence ("F.R.Evid.") (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

    The facts that will be proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322. *See also*, Chase v.

    d. A statement that the mortgagor may have options available other than foreclosure, that the mortgagor may discuss available options with the mortgagee, the mortgage servicer or a counselor approved by the United States Department of Housing and Urban Development and that the mortgagor is encouraged to explore available options prior to the end of the right-to-cure period;

    e. The address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee;

    f. The name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development, operating to assist mortgagors in Maine to avoid foreclosure; and

    g. Where mediation is available as set forth in section 14 M.R.S.A. 6321- A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment.

**LEGAL ARGUMENT**

    The information derived from the Plaintiff's business records is admissible in evidence under Rule 803 (6) of the Federal Rules of Evidence ("F.R.Evid.") (the business records exception to the hearsay rule). Northeast Bank & Trust Co. v. Soley, 481 A.2d 1123 (Me. 1984) and Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011).

    The facts that will be proven at trial relating to the execution of the note and mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this note and the amount due, entitle the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322. *See also*, Chase v.

Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); See also, Abbot v. LaCourse, 2005 ME 103, 882, A.2d 253 (2005).  *See also*, Simansky v. Clark, 128 ME 280,147 A.205 (1929) (the promissory note need only be produced at trial and the suit cannot be defeated by questioning the standing of the party entitled to enforce a promise).

Pursuant to 14 M.R.S. § 6322, and precedent established by, but not limited to, Chase v. Higgins, 2009 ME 136 (2009); H.S.B.C. Bank, as Trustee v. Gabay, 2011 ME 101 (2011); Deutsche Bank Nat'l Trust Co. v. Raggiani, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1 (2009); Wells Fargo Bank, N.A. v. deBree, 2012 ME 34 (2012); Beneficial Maine Inc., v. Carter, 2011 ME 77 (2011) and Bank of America v. Cloutier, 2013 ME 17 (Me. 2013), the Plaintiff has met its burden by proving:

- "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any, *see* P.L. 2009, ch. 402, §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));
- properly presented proof of ownership of the mortgage note and the mortgage, including all assignments and endorsements of the note and the mortgage, M.R. Civ. P. 56(j) (amendment effective Aug. 3, 2009); *see* P.L. 2009, ch. 402, § 17 (effective June 15, 2009) (amending 14 M.R.S. § 6321 (2008));
- a breach of condition in the mortgage, Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705; *see* 14 M.R.S. § 6322 (2008);
- the amount due on the mortgage note, including any reasonable attorney fees and court costs, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322; P.L. 2009, ch. 402, § 11 (effective June 15, 2009) (to be codified at 14 M.R.S. § 6111(1-A));
- the order of priority and any amounts that may be due to other parties in interest, including any public utility easements, Johnson, 2002 ME 99, ¶ 17, 800 A.2d at 705; *see* 14 M.R.S. § 6322;
- evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, in accordance with 14 M.R.S. 6111; M.R. Civ. P. 56(j); *see* 14 M.R.S. § 6111; and
- the defendant is not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. app. § 521 (LexisNexis Supp. 2009); M.R. Civ. P. 55(b)(4)." Chase v. Higgins 2009 ME 136 (2009); *See also* Camden Nat'l Bank v. Peterson, 2008 ME 85, ¶ 21, 948

A.2d 1251, 1257 (stating that a party seeking foreclosure must comply strictly with all steps required by statute).

A promissory note, secured by a mortgage, is a negotiable instrument, and therefore, it is governed by the provisions of the Uniform Commercial Code ("UCC"), as codified in 11 M.R.S. § 3-1101, *et seq*. A person or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). A holder of the note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue, and prevail in a foreclosure action. *See* Bank of America v. Cloutier, 2013 ME 17 (Me. 2013). It is well settled that the "holder of a negotiable instrument and the other parties listed in § 3-1301 are the 'only' parties entitled to enforce a negotiable instrument." Green Tree Servicing Inc. v. Corsetti, Cumb. Sup. Ct. Docket No.: RE-11-419 (citing Mortgage Electronic Systems, Inc. v. Saunders, 2010 ME 79 ¶ 12, 2 A.3d 289 (Me. 2010)); *see also* Bank of America v. Cloutier, 2013 ME 17 (Me. 2013).

The Note is a self-authenticating document pursuant to F.R.Evid. 902(9). Rule 902 (9) specifically provides that "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] Commercial paper, signatures thereon and documents relating thereto to the extent provided by general commercial law." F.R.Evid. 902(9). The term "commercial paper" is defined as "an instrument, other than cash, for the payment of money. Commercial paper—typically existing in the form of a draft (such as a check) or a note (such as a certificate of deposit)—is governed by Article 3 of the [Uniform Commercial Code]." Black's Law Dictionary, 9th ed., 2009 (defining *Paper, commercial paper*). There is no question that Article 3 of the Uniform Commercial Code ("UCC"), as codified in Maine statue, is applicable to the transaction at issue here. *See* 11 M.R.S. § 3-1101, *et seq*.; Bank of America, N.A. v. Cloutier, 2013 ME 17 (Me. 2013). As a negotiable instrument, governed by Article 3 of the UCC, the Note qualifies as commercial paper.

In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. F.R.Evid. 902(4). Rule 902(4) provides that a "[…] a copy of an official record or a copy of a document that was recorded or filed in a public office as authorized by law-…" F.R.Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. *See also* F.R.Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

4

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to F.R.Evid. 803(14) as documents affecting an interest in property. As such, the foundational requirement of Rule 803(6) are not required, and Plaintiff's exhibits are admissible on this ground also.

In any transaction affecting a mortgage in Maine, "the promissory note is the controlling instrument, governed by the Uniform Commercial Code [of which Maine adheres], which details the rights of a holder." Conwan & Scannell, *Maine Real Estate Law and Practice,* § 13:1 (2d ed. 2007). In instances where "the note was assigned and the mortgage was not, the assignee has an interest in the mortgage which will be protected in equity." Id. at § 13:2. Maines Uniform Commercial Code "codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien." 11 M.R.S §9-1203(7) U.C.C cmt. 9 (2014 & Supp. 2015); *see also* Restatement (Third) of Property: Mortgages § 5.4(a) (Am. Law Inst. 1997) ("A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise."). Here, it is not disputed that the original Note has transferred to Plaintiff by both endorsement and delivery. *See*, Jordon v. Cheney, 74 ME 359 (1883).

The testimony of Plaintiff's witness will be consistent with the allegations of indebtedness in the Complaint, Plaintiff's Exhibit, and recent Law Court decision such as Midland Funding v. Walton, 2017 ME 24, 155 A.3d 864, and JPMorgan Chase v. Lowell, 2017 ME 32, 156 A.3d 727. Nik Fox ("Fox") is a qualified witness. As such, Fox will be able to testify to the documents admitted into evidence and the relationship between Selene Finance, Inc. and Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1, which is the Plaintiff in this matter. This relationship clearly makes Selene Finance, LLP, the agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1. The Notice of Right to Cure speaks for itself and it is uncontroverted that it was sent on behalf of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for Normandy Mortgage Loan Trust, Series 2015-1 by Selene Finance, LLP. (See line one of the Exhibit J.) Therefore, the witness's testimony will be foundationally sound and admissible.

**CONCLUSION**

The Plaintiff will present sufficient evidence to entitle it to foreclosure judgment, and such judgment should be entered.

<div style="margin-left: 50%;">
Respectfully Submitted
The Plaintiff,
Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, as Trustee for Normandy
Mortgage Loan Trust, Series 2015-1,
by its Counsel,
</div>

Dated: 11/9/2017

<div style="margin-left: 50%;">
/s/John A. Doonan
John A. Doonan, Esq., Bar No. 3250
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
</div>